UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 26-cv-0216-bhl

KEVIN SCHNEIDER,

Defendant.

---

**ORDER**

---

On February 9, 2026, Plaintiff, the United States of America, filed a complaint against Defendants Thomas Schneider, Kevin Schneider, and the Estate of Virginia G. Schneider. (ECF No. 1.) On April 10, 2026, Plaintiff filed a waiver of service executed by Defendant Kevin Schneider, but Kevin Schneider never filed an answer or otherwise responded to the complaint. (ECF No. 2.) On October 9, 2026, Plaintiff dismissed its claims against Defendants Thomas Schneider and the Estate of Virginia Schneider and asked the Clerk to enter default against the only remaining defendant, Kevin Schneider. (ECF Nos. 6 & 8.) The Clerk entered the requested default as to Kevin Schneider on the same day.

Plaintiff has also filed a declaration, proposed findings of fact, and a proposed order relating to its requested relief against Kevin Schneider, (ECF Nos. 7, 10, & 11), but has not moved for a default judgment against him. Under Federal Rule of Civil Procedure 55, the award of a default judgment is a two-step process. At step one, the plaintiff must obtain the entry of default from the clerk. Fed. R. Civ. P. 55(a). Default can be entered based on a defendant's failure to plead or otherwise defend. *Id.* Upon the entry of default, the court accepts the well-pleaded allegations set forth in the complaint related to liability as true. *See VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). At step two, the plaintiff seeks entry of a default judgment. "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation" the clerk can enter judgment for that amount, upon the plaintiff's request, with an affidavit showing the amount due. Fed. R. Civ. P. 55(b)(1). But "[i]n all other cases, the party

must apply to the court for a default judgment." Fed. R. Civ. 55(b)(2). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (citation omitted). Importantly, however, while the court accepts all well-pleaded factual allegations as true for purposes of determining liability, "the plaintiff still must establish his entitlement to the relief he seeks" at step two. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004); *see also e360 Insight*, 500 F.3d at 602.

Plaintiff seeks to jump to enforcement of a default judgment without taking step two. Plaintiff seeks to foreclose a mortgage on a home at 2680 Sunset Road, Port Washington, Wisconsin, owned by Kevin Schneider by sale conducted by the United States Marshal Service, (ECF No. 7 ¶¶3, 8; ECF No. 11), but has not obtained a default judgment. Instead, Plaintiff refers to the entry of default as if it were a default judgment. It is not. *See United States v. Estate of Elzie Cockerham*, 19-cv-845-pp, 2020 WL 5370768 (E.D. Wis. Sep. 8, 2020) (granting a motion for default judgment to foreclose on a reverse mortgage held by the Department of Housing and Urban Development). If Plaintiff still wishes to foreclose on the mortgage, it must move for and obtain a default judgment. The Court will allow Plaintiff until November 30, 2026 to do so.

Accordingly,

**IT IS HEREBY ORDERED** that by **November 30**, **2026**, Plaintiff shall move for entry of default judgment against Defendant.

Dated at Milwaukee, Wisconsin on October 28, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge